IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:99-00083

**JAMES T. MITCHELL**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, filed on March 21, 2008, pursuant to 18 U.S.C. § 3582(c)(2). The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

. . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The September 10, 1999, Judgment reveals defendant was sentenced, <u>inter alia</u>, to a 262-month term of imprisonment. The Judgment further reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b). <u>United States v. Daniels</u>, No. 2:02-00062, Stmt. of Reas. at 1 (S.D. W. Va. Sept. 9, 2002) (notation accompanying the guideline range determination providing "Career Offender provision at U.S.S.G. 4B1.1 applicable.").[1]

---

[1]Paragraph 10 of the presentence report ("PSR") provides as follows:

> The guideline for a violation of 21 U.S.C. § 841(a)(1) is found at U.S.S.G. § 2D1.1(c)(4). That section provides a base offense level of 32 for offenses involving at least 50 grams but less than 150 grams of cocaine base.

PSR ¶ 10. Utilizing this base offense level of 32, paragraph 17 of the PSR calculates the total offense level at 29 after applying a three-point reduction for acceptance of responsibility. (<u>Id.</u> ¶ 17).

Paragraph 18 of the PSR, however, then provides as follows:

> In accordance with the provisions in U.S.S.G. § 4B1.1, because the defendant was at least 18 years old at the time of the instant offense, the instant offense is a felony controlled substance offense, and the defendant has two prior felonies including a crime of violence and a controlled substance offense, Mr. Mitchell is a career offender. Since the statutory maximum term of

(continued...)

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified that guideline section.  The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

                                        ENTER:  June 11, 2009

                                        John T. Copenhaver, Jr.
                                        United States District Judge

---

[1](...continued)
imprisonment for the offense of conviction is life, the offense level is increased to thirty-seven.
(Id. ¶ 18).
Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 30 if calculated under the revised section 2D1.1, the operation of section 4B1.1 would yet result in his base offense level then returning to 37.  See U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

3